■ BANK OF NEW YORK, Respondent, v ROBERT T. GUNN et al., Appellants. ROBERT T. GUNN et al., Appellants, v BANK OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered on April 22, 1980, unanimously affirmed. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Appeal from the order of said court entered March 3, 1980, unanimously dismissed, without costs and without disbursements, as subsumed in the judgment. The appeal from the order of said court entered on April 14, 1980, unanimously dismissed, without costs and without disbursements, as nonappealable (from an order denying rear-

---

**2.** As so cogently stated in *United States v Davis* (458 F2d 819, 821): "Probable cause does not emanate from an antiseptic courtroom, a sterile library or a sacrosanct adytum, nor is it a pristine 'philosophical concept existing in a vacuum' * * * but rather it requires a pragmatic analysis of 'everyday life on which reasonable and prudent men, not legal technicians, act.' " The prevalence and notoriety of traffic in controlled substances is of such epidemic proportion that even the public news acknowledges that certain areas of our city are to be avoided by the law-abiding citizen. Further, there appears to be an increasing boldness in the endeavors by vendors in this illicit drug traffic to engage the interest of the citizenry in their wares. Under such circumstances, the pragmatic mandate of secrecy and covert action being maintained begins to lose its pre-eminence. We in the judicial branch of government must be wary lest the "day dawn" when society's war on illegal drug trafficking is ended with the battle lost.

gument), and the appeal from the order of said court entered on April 14, 1980, denying consolidation, unanimously dismissed, without costs and without disbursements, as moot. No opinion. Concur—Kupferman, J. P., Birns, Sandler, Markewich and Bloom, JJ.